UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

YOSVANI ROMERO, individually;
And other similarly situated individuals,

    Plaintiff(s),

v.

STONER BOATWORKS, INC.,
a Florida Profit Corporation, individually;
JONATHAN M. STONER, individually;
JOSHUA STONER, individually;

    Defendant(s).
_____/

## COMPLAINT

Plaintiff **YOSVANI ROMERO**, individually; and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, STONER BOATWORKS, INC., a Florida Profit Corporation, individually; JONATHAN M. STONER, individually; and JOSHUA STONER, individually; collectively ("Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff were at all times relevant to this action, working in Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA and FMWA.

4. Defendant, STONER BOATWORKS, INC., a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, JONATHAN M. STONER, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, STONER BOATWORKS, INC.

6. Defendant, JOSHUA STONER, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, STONER BOATWORKS, INC.

7. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff performed work for Defendants as a non-exempt employee from on or about February 2014, through on or about May 28, 2015.

11. Plaintiff was hired by Defendants to paint boats.

12. Throughout Plaintiff' employment, Plaintiff worked in excess of forty (40) hours per week.

13. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

14. Plaintiff, during relevant time period, from on or about February 2014, through on or about May 28, 2015, worked approximately ten (10) overtime hours each week for which Plaintiff was not paid 1.5 times her regular rate as provided by the FLSA.

15. Plaintiff did not receive payment of all work performed, during relevant time period, from on or about February 2014, through on or about May 28, 2015.

### COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *STONER BOATWORKS, INC.*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a

joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

24. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*Wage & Hour Federal Statutory Violation against*
*JONATHAN M. STONER*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

26. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, STONER BOATWORKS, INC.

27. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

28. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

29. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff' employment with Defendant as set

forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation against JOSHUA STONER*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

31. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, STONER BOATWORKS, INC.

32. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

33. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

34. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as

required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FMWA Violation against*
### *STONER BOATWORKS, INC.*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

36. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, and specifically under the provisions of Fla. Stat. § 448.110.

37. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

38. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2010 was $7.25; in 2011 was $7.31; in 2012 was $7.67; in 2013 was $7.79; in 2014 was $7.93; and in 2015 is $8.05.

39. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
*FMWA Violation against*
*JONATHAN M. STONER*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

41. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, STONER BOATWORKS, INC.

42. Defendant was an employer of Plaintiff within the meaning of the Florida Minimum

Wage Law.

43. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

44. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
*FMWA Violation against*
*JOSHUA STONER*

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

46. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, STONER BOATWORKS, INC.

47. Defendant was an employer of Plaintiff within the meaning of the Florida Minimum

Wage Law.

48. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

49. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### *Breach of Agreement Against*
### *STONER BOATWORKS, INC.*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

51. Defendant, pursuant to a verbal agreement was to compensate Plaintiff with a commission of approximately three thousand dollars ($3,000.00) per boat sold.

52. Defendant, pursuant to a verbal agreement promised Plaintiff a fifteen (15) days paid vacation, which Plaintiff never received.

53. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

54. Plaintiff seeks to recover Attorney Fees pursuant to Fla. Statue 448.08.

55. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT VIII
## BREACH OF CONTRACT FOR FAILURE TO PAY EARNED WAGES

56. Plaintiff re-alleges and incorporates paragraphs 1 through 15 of this complaint as if fully set forth herein.

57. As described herein, Defendant, pursuant to a verbal agreement was to compensate Plaintiff with a commission of approximately three thousand dollars ($3,000.00) per boat sold and to pay all hours worked.

58. To date, Plaintiff is owed for work performed for the Defendant.

59. During the employment periods, Plaintiff had strictly abided by the terms of the agreement. While Defendants have received full compensation for the sales covered in the agreement, Defendant have withheld full payment of wages earned by Plaintiff during the relevant period and have continually refused to remit the earned wages to Plaintiff.

60. Defendant's actions are in breach of the Agreement as contrary to the intent and conduct of the parties since the Agreement was entered into in year 2014.

61. Defendant's conduct is in breach of the implied covenant of good faith and fair dealing found in every contract, including Agreement entered into between Plaintiff and the Defendant.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT IX. UNJUST ENRICHMENT/QUANTUM MERUIT

62. Plaintiff re-alleges and incorporates paragraphs 1 through 15 of this complaint as if fully set forth herein.

63. Defendant, pursuant to a verbal agreement was to compensate Plaintiff with a commission of approximately three thousand dollars ($3,000.00) per boat sold and to pay all hours worked.

64. As described herein, Defendant has retained wages from Plaintiff, which were fully earned and should be paid, pursuant to the agreement.

65. Since Defendant has retained and failed to remit the wages earned and owed to Plaintiff, they have been unjustly enriched. This will result in a windfall for Defendant and undue prejudice to Plaintiff.

66. Although Plaintiff terminated the agreement on or about May 28, 2015, Defendant has not performed all of its obligations outlined under the Agreement.

67. If Defendant retain the owed wages and renege on the obligations outlined in the agreement, it will receive a windfall. Only by remitting the wages earned pursuant to the agreement will the Plaintiff, be compensated in accordance with the amount of service he has performed and the status quo preserved.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, restitution, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT X: PROMISORRY ESTOPEL

68. Plaintiff re-alleges and incorporates paragraphs 1 through 15 of this complaint as if fully set forth herein.

69. Defendant made misrepresentations of material facts to Plaintiff in regards to promises made by Defendant to compensate Plaintiff with a commission of approximately three thousand dollars ($3,000.00) per boat sold and to fairly and regularly compensate Plaintiff in accordance to the terms of the agreement.

70. Defendant's promises to Plaintiff were definite and substantial in nature.

71. Defendant should have reasonably expected to induce action or forbearance on the part of Plaintiff based on its promises/misrepresentations.

72. Plaintiff reasonably relied on Defendant's promises/misrepresentations to his detriment as Defendant's promises/misrepresentations did in fact induce such action and forbearance by Plaintiff.

73. Enforcement of Defendant's promises to Plaintiff are necessary in order to avoid manifest injustice to Plaintiff.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, jointly and severally, for compensatory damages, reliance damages, costs of this action and such other and further relief as this Honorable Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 2/16/17

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com